## PICK v. AVERY.
### No. 75.

District Court, E. D. Louisiana,
New Orleans Division.

Nov. 22, 1939.

Alva S. Weatherford, Johnston Armstrong, and Frederick G. Veith, all of New Orleans, for plaintiff.

Porteous, Johnson & Humphrey, of New Orleans, for defendant.

PORTERIE, District Judge.

The plaintiff in this case, of foreign birth and with experience in the manufacture of wood core in Continental Europe, came to Bogalusa, Louisiana, the home of the Great Southern Lumber Company, soliciting arrangements for the manufacture

of wood core in the United States. Members of the Chamber of Commerce, the General Manager of the Great Southern Lumber Company, and others, met with him, and eventually he was referred to Mr. W. G. Avery of the W. G. Avery Body Company. The letter quoted hereinbelow was their contract. Underlying this contract, however, as its dominant purpose, was the making of Plywood Core from short cuts of lumber, remnants or waste material at the mill.

> "W. G. Avery Body Co., Fernwood, Mississippi
>
> "November 3, 1937

"Mr. I. Pick
"New Orleans, Louisiana
"Dear Sir:

"In reference to the proposition which you have set before me I agree to the following:

"1—To permit you to proceed to manufacture cores for Plywood for my use.

"2—To furnish necessary labor (including superintendent) materials, machinery now available in the plant, glue, small clamps and materials such as press boards, angle irons, and bolts for clamps for large blocks.

"3—To furnish labor and materials in sufficient quantities to insure a production of approximately 3,000 feet per day.

"4—To charge you for the labor, materials, and glue at whatever their cost to me.

"5—To purchase 9/16" to 11/16" core stock from you at $70.00 per M feet, and if necessary you are to help sell the finished product.

"6—To divide the profit, which is the difference between cost and selling price of $70.00 equally between us.

"7—To pay you $50.00 per week, same to be deducted from your 50% of the profit.

"8—To have you start work Wednesday, December 1st and continue over a period of three months with the understanding that should we be unable to sell the product or be confronted with some problem which would make it necessary to cease operation you will stop production at end of two months.

"Very truly yours,
"By W. G. Avery"

On January 31, 1938, a letter was sent by Mr. Avery to Mr. Pick, after Mr. Pick had been paid in full for two months at $50 per week, to the effect that the provision of item 8 of the contract was being invoked in order to conclude the contractual relation. Plaintiff alleges breach of contract and seeks to recover profits which he estimates would have been realized from the operation.

After full consideration of the pleadings, the evidence submitted and the argument of counsel, the Court, as is prescribed by the Rules, finds as follows:

(a) As to Facts:

Taking the items of agreement in their order, we find that there is no issue between the parties upon item 1. There is issue between the parties on item 2 in that plaintiff testified that "small clamps and materials such as press board, etc." were not furnished him. The Court finds to the contrary. The evidence is that such were furnished in ample quantity by the defendant. The fact proved is that such clamps made in the machine shop of defendant were not even taken out by the plaintiff for use.

The Court finds that item 3 was complied with by the defendant. If production of 3,000 feet per day was not attained, it was because the plaintiff never pushed it through.

There can be no issue as to item 4 between the parties. All labor, materials and glue necessary were furnished by the defendant, and he stands now unpaid.

Under item 5 only two or three thousand feet of the core were ever manufactured; this amount, at $70 per thousand feet, would be $210. The defendant has proved a loss of $1,500 in this venture.

Under item 6 of the contract, assuming there were 3,000 feet manufactured, the value thereof would be $210; the equal division of that would leave each $105. It would be against justice and equity not to allow defendant this $105 in the face of a loss of $1,500. Moreover, defendant paid $400 of salary to the plaintiff.

Item 7 was fulfilled.

As to item 8, the Court finds the defendant was unable to sell the 3,000 board feet of core and was additionally "confronted with a problem which would make it necessary to cease operation at the end of two months." We shall now state the problem. It was the basic point of understanding in

this contract that short pieces of wood, generally called the "waste" of the saw-mill, were to be used in making the core. Though plaintiff was furnished this waste material in quantity and conveniently, he never used any; he used full-length boards, commercially valuable. This is the flagrant breach.

(b) Conclusion of Law:

The contract was followed strictly by the defendant. The facts clearly establish that defendant was legally at right to end the contract after two months. This he did by letter of January 31, 1938.

Accordingly, judgment dismissing plaintiff's claim at his cost will be signed.